UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YESHIVA TORAH VODAATH INC.<br><br>                Interpleader Plaintiff,<br><br>-against-<br><br>LENDTERRA, INC., BAIS YAAKOV OF BROOKLYN, INC., BAIS YAAKOV OF BROOKLYN, YEHOSHUA MILTON BALKANY, SARAH BALKANY.<br><br>                Interpleader Defendants. | 25-cv-_____<br><br>**INTERPLEADER<br>COMPLAINT** |

**COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF**

Interpleader Plaintiff Yeshiva Torah Vodaath Inc. ("Torah Vodaath"), by and through its attorneys, Emery Celli Brinckerhoff Abady Ward & Maazel, states and alleges in its Complaint for Interpleader as follows:

**NATURE OF THE ACTION**

1. Torah Vodaath brings this action pursuant to 28 U.S.C. § 1335, 2201, and 2361 and Federal Rule of Civil Procedure 57 to determine the rightful ownership of property in which Torah Vodaath itself has no interest.

2. The interpleaded property consists of approximately five years of rental payments related to the property located at 1192 East 31st Street a/k/a 3025 Avenue L, Brooklyn, NY 11210 ("the Property"), totaling $870,000.00 (the "Funds").

3. The Funds are currently being held in an attorney escrow account under the control of Torah Vodaath's real estate counsel.

1

4. Torah Vodaath has received competing claims from Interpleader Defendants Lendterra, Inc., Bais Yaakov of Brooklyn, Inc., Bais Yaakov of Brooklyn a/k/a Bais Yaakov of Midwood, Yehoshua Balkany a/k/a Milton Balkany, and Sarah Balkany, all of whom have asserted claims of entitlement to the Funds.

5. Torah Vodaath has filed this action to resolve the competing claims to the Funds.

## PARTIES

6. Yeshiva Torah Vodaath is a New York Corporation organized under Article 10 of the Religious Corporations Law, with its principal place of business located at 425 E. 9th Street, Brooklyn, New York 11218.

7. Defendant Lendterra, Inc. is a corporation incorporated under the laws of Arizona, with its principal place of business located at 1940 E Thunderbird Rd. Suite 105, Phoenix, Arizona 85022.

8. Defendant Bais Yaakov of Brooklyn, Inc. is a domestic not-for-profit corporation incorporated under the laws of the State of New York with its principal place of business located, upon information and belief, at 443 East 5th Street, Brooklyn, New York 11218 (the home of current or former board member David Kenner) and/or 5402 15th Avenue, Brooklyn, New York 11219 (the home of current or former board members Yehoshua Balkany a/k/a/ Milton Balkany and Sara Balkany).

9. Defendant Bais Yaakov of Brooklyn a/k/a Bais Yaakov of Midwood is a New York Corporation organized under Article 10 of the Religious Corporations Law with its principal place of business located, upon information and belief, at 443 East 5th Street, Brooklyn, New York 11218 (the home of current or former board member

David Kenner) and/or 5402 15th Avenue, Brooklyn, New York 11219 (the home of current or former board members Yehoshua Balkany a/k/a/ Milton Balkany and Sara Balkany).

10. Defendant Yehoshua Milton Balkany is an individual who, upon information and belief, is a resident and citizen of New York residing at 5402 15th Avenue, Brooklyn, New York 11219.

11. Sarah Balkany is an individual who, upon information and belief, is a resident and citizen of New York residing at 5402 15th Avenue, Brooklyn, New York 11219.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this interpleader action under the provisions of 28 U.S.C. § 1335 because the amount in controversy is greater than $500.00 and because there is diversity of citizenship between two adverse claimants, Lendterra, Inc. and Bais Yaakov of Brooklyn, Inc.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1397 because it is the judicial district in which one or more of the Defendants reside.

## FACTS

14. Yeshiva Torah Vodaath is a religious educational institution that operates a Pre-School, an Elementary School, a High School and a Rabbinical Seminary with an enrollment of more than 1,000 students.

15. Torah Vodaath has operated its Pre-School out of the Property located at 3025 Avenue L, Brooklyn, NY 11210 since 2014. Approximately 135 children are enrolled in the Pre-School.

16. Torah Vodaath entered into a lease agreement with Bais Yaakov of Brooklyn for use of the Property from November 1, 2014 to August 31, 2019; the lease agreement included an option to either purchase or continue leasing the building for another five years (from 2019 to 2024) for a monthly rent of $15,000.

17. In recognition, initially of the claims and defenses asserted in the New York State Action (as defined below), the Kenner Action (as defined below), and, later, those in the Federal Action (as defined below), beginning with the rent for April 2020, Torah Vodaath has deposited monthly rental payments of $15,000 into an attorney escrow account, which currently has a balance of $870,000.

18. The Funds are in dispute in this interpleader action, as between Defendants Lendterra, Inc., Bais Yaakov of Brooklyn a/k/a Bais Yaakov of Midwood, Bais Yaakov of Brooklyn, Inc., Yehoshua Balkany and Sarah Balkany.

19. Claimants have asserted competing claims to the Funds in two separate actions: *Lendterra, Inc. v. Bais Yaakov of Brooklyn, Inc., et al.*, Case No. 21-cv-4647 (JRC) (E.D.N.Y. 2021) (the "Federal Action") and *Bais Yaakov of Brooklyn v. Yeshiva Torah Vodaath, Inc.*, Index No. 518985/2019 (Kings Cty. Sup. Ct.) (the "New York Action"). In addition, there exists a separation pending action brought by Yehoshua Milton Balkany and Sara Balkany against David Kenner regarding control over Bais Yaakov, *Yehoshua Balkany et al. v. David Kenner et al.*, Index No. 507107/2020 (Kings Cty. Sup. Ct.) ("Kenner Action").

A. <u>**New York Action**</u>

20. On December 16, 2024, Bais Yaakov of Brooklyn filed an Order to Show Cause in the New York Action which seeks an order directing Torah Vodaath to immediately release the Funds to counsel for Bais Yaakov of Brooklyn in the New York Action, who are also counsel to Yehoshua Milton Balkany and Sara Balkany in the Kenner Action.

21. Counsel for Bais Yaakov of Brooklyn, Yehoshua Milton Balkany and Sara Balkany, assert that the parties in the Kenner Action have reached a settlement and resolved the dispute over control of Bais Yaakov, but the funds are needed to make payments to David Kenner in order to realize that settlement.

B. <u>**Federal Action**</u>

22. On August 18, 2021, Lendterra, Inc. commenced an action against Bais Yaakov of Brooklyn, Inc., Torah Vodaath, and the New York City Environmental Control Board to foreclose on the Mortgage made by Bais Yaakov of Brooklyn, Inc. on the Property.

23. On April 17, 2024, Lendterra, Inc., filed an unopposed Motion to Appoint a Receiver to control the Property and collect and receive the Funds from Torah Vodaath as a result of Bais Yaakov of Brooklyn, Inc.'s Mortgage default.

24. On December 17, 2024, Lendterra, Inc. filed a letter reasserting that Receiver should be appointed with the right to receive the Funds from Torah Vodaath. Exhibit A.

25. On December 19, 2024, Yehoshua Milton Balkany and Sarah Balkany filed a letter in support of a motion to intervene in the Federal Action pursuant to Federal Rule of Civil Procedure 24(a)(2) and 24(b)(1)(B). Yehoshua Milton Balkany and Sarah Balkany seek to oppose Lendterra's Motion to Appoint a Receiver to control the

Property and collect and receive the Funds and assert Bais Yaakov of Brooklyn's entitlement to the Funds. Exhibit B.

### FIRST CAUSE OF ACTION
**(Interpleader Pursuant to 28 U.S.C. § 1335)**

26. Torah Vodaath repeats and realleges the allegations set forth in each and every paragraph above as if set forth fully herein.

27. Torah Vodaath claims no interest in the Funds, which have been secured in an attorney escrow account to satisfy Torah Vodaath's rental payment obligations for the Property.

28. Torah Vodaath is subject to competing demands as to the proper ownership of or rights to access or use of the Funds.

29. Torah Vodaath is unable to determine the proper payee of the Funds.

30. Because Torah Vodaath is subject to conflicting claims, it is exposed to the risk of multiple and inconsistent liability and is accordingly entitled to interpleader relief bringing the Defendants before the Court and requiring them to litigate their respective claims to the Funds.

31. Under the circumstances, this interpleader proceeding is the most efficient and cost effective means by which a single determination can be made as to which party, if any, is entitled to access or use the Funds, and by which Torah Vodaath, to the extent it is directed to turn over any the Funds or an equivalent amount, can receive a discharge from further liability as to the Funds that is binding on all interested parties and not subject to future attack.

32. Torah Vodaath seeks interpleader relief in good faith and without any collusion with any of the parties to this action.

33. Torah Vodaath is also entitled, as a neutral stakeholder, to its attorneys' fees and costs incurred in connection with this proceeding. Any such attorneys' fees and costs are to be awarded out of the Funds that may be turned over to defendant(s) under any judgment entered in this action

34. Torah Vodaath conditionally tenders the Funds to the Court, subject to any applicable defenses and offsets.

**WHEREFORE,** Torah Vodaath requests the entry of a judgment as follows:

a. Directing Torah Vodaath to deposit the Funds with the Clerk of the Court;

b. Directing the Defendants to interplead each other concerning their competing claims to the Funds;

c. Restraining and enjoining the Interpleader Defendants from commencing any additional actions against Torah Vodaath for recovery of the Funds;

d. Adjudging the rights of each Defendant as to the Funds;

e. Discharging Torah Vodaath from any and all liability to the Defendants relating to the Funds upon deposit of same with the Clerk of Court;

f. Dismissing Torah Vodaath from this proceeding;

g. Awarding Torah Vodaath's costs, expenses, and reasonable attorney's fees in this action, to be paid out of the Disputed Funds that Torah Vodaath will deposit with the Clerk of Court;

h. Granting Torah Vodaath such other and further relief as may be just and proper.

Dated: January 13, 2025
      New York, New York

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP

/s/ Matthew D. Brinckerhoff
_____
Matthew D. Brinckerhoff
Andrew G. Celli, Jr.
Hannah Brudney
600 Fifth Avenue, 10th Floor
New York, New York 10020
acelli@ecbawm.com
mbrinckerhoff@ecbawm.com
hbrudney@ecbawm.com
(212) 763-5000

*Attorneys for Interpleader Plaintiff*
